JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issues one and two and respectfully dissent on issue three, which relates to attorney fees under Rule 37(c), M.R.Civ.P. My concerns about issue three are both procedural and substantive.
At the outset, I observe that neither the Affidavit for Attorney Fees referenced by the Court, nor any motion in support of which such an affidavit properly could be filed, is of record in this case. While Springer attaches a copy of the Affidavit to his brief on cross-appeal in this Court, that copy does not reflect a “filed” date and, indeed, the Affidavit is neither physically contained in the District Corut record nor referenced in the Case Register which accompanies that record. Even assuming that an affidavit is sufficient in and of itself to serve as a motion or official request to a district court for action, an assumption with which I would not agree since Rule 37(c), M.R.Civ.P., *282 requires a party to “apply to the court for an order,” it is my view that a district court cannot properly be held in error in failing to award relief — here, attorney fees — which is not requested on the record.
I note in this regard that the City did file a response in the District Court to Springer’s “request” for attorney fees, and it may be that the parties, at least, operated under the joint misunderstanding that the “request” had been filed. Notwithstanding the parties’ implicit agreement to address a matter not of record, however, it is my view that we perform a disservice to district courts when we “reverse” them on matters never, in fact, presented to them for resolution. Surely it must remain counsel’s duty to ensure that matters intended to be filed are actually filed and made part of the record.
Even assuming arguendo, however, that a motion for attorney fees under Rule 37(c), M.R.Civ.P, and supporting affidavit were of record in this case, I would not address the issue here. Springer was the prevailing party in the action and it was Springer’s “motion” for attorney fees which arguably had not been addressed before the District Court entered judgment in the case. Instead of bringing the “motion” to the District Court’s attention for determination either prior to,'or soon after, the judgment was entered, Springer simply went ahead and served notice of entry of judgment, thereby beginning the running of the time during which the City could file its notice of appeal.
Springer then filed a cross-appeal, arguing that the District Court abused its discretion in failing to award him attorney fees pursuant to Rule 37(c), M.R.Civ.P This Court addresses that issue on the merits. I would not, since Springer did not provide the District Court with an opportunity to determine the matter. At the very most, I would remand this issue to the District Court for purposes of clarifying the record and addressing the “motion” on its merits. In my view, it simply is not our role to address an issue on appeal which has not been properly presented to the district court for resolution. Furthermore, to hold that a district court abused its discretion in failing to award attorney fees under circumstances such as those before us here is simply unfair to the District Court.
Finally, I disagree with the Court’s substantive resolution of the attorney fee issue regarding Requests for Admission Nos. 9 and 12.1 will address each in turn under the three-step process set forth in Rule 37(c), M.R.Civ.P., which requires determinations that 1) there was a failure to admit; 2) the requesting party later proved the truth *283 of the matter; and 3) none of the four extenuating circumstances exists which might “excuse” the failure to admit.
Request for Admission No. 9 asked for an admission that “document 1 is a notice of abandoned vehicle that was placed on plaintiff’s 1968 [V]olkswagen van. ...” The City denied. In fact, “document 1” was not the notice which was placed on Springer’s vehicle; it was a copy of that notice. Thus, while the City’s denial was somewhat technical, it was a proper denial. Nor did Springer later prove that “document 1” was the actual notice placed on Springer’s van. McManis’ deposition testimony that he placed “a Notice of Abandoned Vehicle” on Springer’s van — on which the Court relies as “proof’ that “document 1” was the actual notice — proves nothing of the sort.
Moreover, while it is clear that the first portions of Rule 37(c), M.R.Civ.P., are not met with regard to the City’s denial of Request for Admission No. 9, it is my view that the Court also errs in concluding that none of the extenuating circumstances which might excuse any improper denial was satisfied. Specifically, the second extenuating circumstance listed in Rule 37(c) is that “the admission sought was of no substantial importance” and that circumstance certainly applies to Request for Admission No. 9. In response to Request for Admission No. 1 in the same set of discovery from Springer, the City admitted that “on or about September 24,1992, a Notice of Abandoned Vehicle was placed on Plaintiff’s 1968 Volkswagen van.” In addition, the subsequent Final Pretrial Order in the case, filed January 31, 1996, stated as an “AGREED UPON FACT” “[t]hat on or about September 24,1992, a Notice of Abandoned Vehicle was placed on the Plaintiff’s van.” The McManis deposition was not taken until May 21, 1996, months after it was agreed by all parties that a notice of abandoned vehicle was placed on Springer’s vehicle on or about September 24, 1992. Thus, even assuming that the City had improperly denied Request for Admission No. 9 and that Springer had later proved the truth of the matter via McManis’ deposition, the “admission sought was of no substantial importance” under Rule 37(c), since it had been admitted and, indeed, incorporated into the controlling Final Pretrial Order. I would conclude that Springer is not entitled to attorney fees with regard to Request for Admission No. 9.
I would reach the same result on Request for Admission No. 12. The request was to admit that no City police officer notified Springer “before having his vehicle towed.” The City denied. In fact, the September 24,1992, notice of abandoned vehicle contained a tow date of September 25,1992. In my view, that notice was notice to Springer *284 prior to towing his vehicle and, therefore, the City properly denied Request for Admission No. 12. In this regard, the Court again refers, in my view erroneously, to McManis’ deposition. There, McManis testified that he did not send Springer a certified letter notifying him that his van “had been towed,” but merely attempted to contact Springer by telephone. That testimony goes to post-towing events and not to the pre-towing notice to which Request for Admission No. 12 relates.
In summary, I would not address this cross-appeal issue. If addressing it, I would conclude, as does the Court, that Springer is not entitled to attorney fees with regard to Request for Admission No. 11 and is entitled to attorney fees with regard to Request for Admission No. 22. I disagree with the Court that Springer is entitled to fees relating to Requests for Admission Nos. 9 and 12. As a result, I would hold that Springer is entitled to fees with regard to only one of the four Requests for Admission for which such fees are sought.